# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | No. 4:09-CR-000237 |
|---|---|
| v. | (Judge Brann) |
| DARTANINE RANSOM, | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 23, 2018

Before the Court for disposition is Defendant Dartanine Ransom's Motion for Recommendation for Residential Re-entry Center. For the following reasons, this Motion will denied without prejudice to Defendant re-filing it at a later date.

## I.  BACKGROUND

On August 27, 2009, Defendant, Dartanine Ransom, pled guilty to an information charging him with Conspiracy to distribute and possession with intent to distribute more than 5 grams of cocaine base known as crack in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii).[1] Mr. Ransom was subsequently sentenced on July 23, 2010 to 188 months with a 4 year term of supervised release to follow.[2] Since his placement within Bureau of Prisons (BOP) custody, Mr. Ransom has completed a number of programs, including Residential Drug Abuse Program

---

[1] ECF No. 16.
[2] ECF No. 23.

(RDAP).[3] He has, however, also accumulated three infractions on his disciplinary record: disruptive conduct on September 9, 2017; and possession of an unauthorized item on both March 20, 2015, and December 6, 2014.[4] Mr. Ransom's projected release date is June 21, 2020.[5]

On February 5, 2018, Mr. Ranson filed the instant motion requesting that a recommendation that his sentence include the maximum time allowed in a halfway house or other community corrections facility.[6] This matter has since been fully briefed.[7]

## II.  ANALYSIS

Title 18 of the United States Code, Section 3621(b) provides that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." Furthermore, concerning pre-release custody, Section 3624(c) provides that, to the extent practicable, the Bureau of Prisons shall:

> ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.[8]

---

[3]  *See* ECF No. 31-1.
[4]  *See* ECF No. 31-2.
[5]  *See* ECF No. 31-3.
[6]  ECF No. 28.
[7]  *See* ECF Nos. 30, 31, & 32.
[8]  18 U.S.C. § § 3624(c).

In making this determination, the Bureau is directed to consider "any statement by the court that imposed the sentence [ ] recommending a type of penal or correctional facility as appropriate."[9] One of five factors for consideration, the recommendation of a sentencing court regarding where a prisoner should be housed, has "no binding effect" on the BOP's decision.[10]

When considering an individual's eligibility for pre-release placement in an community correctional facility, the BOP is required to ensure that decisions are made: "(A) consistent with the five factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration.[11] In addition, the factors set forth in section 3621(b), a prisoner's participation in Inmate Skills Development programs within the institution, is considered to determine if additional placement time is warranted under the Federal prisoner reentry initiative, codified at 42 U.S.C. § 17541.[12] BOP policy dictates that

---

[9] 18 U.S.C. § 3621(b); *see also Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012).

[10] 18 U.S.C. § 3621(b).

[11] 18 U.S.C. § 3624(c)(6); *United States v. Hoskins*, No. 01-CR-00266, 2018 WL 623881, at *2 (M.D.Pa. Jan. 30, 2018)(Caputo, J.).

[12] *Vazquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012). *Amirnazmi v. Scism*, No. 3:11-CV-273, 2011 WL 1743846, at *5 (M.D. Pa. May 5, 2011) (quoting U.S. Dep't of Justice, Fed. Bureau of Prisons, Memorandum for Chief Executive Officers (November 14, 2008)).

"all 'inmates must now be reviewed for prerelease RRC placements 17-19 months before their projected release dates.' "[13]

In the instant matter, the record indicates that Defendant is currently projected to be released on June 21, 2010, or approximately 26 months from now.[14] Pursuant to BOP policy, and based on this release date, Defendant will not be reviewed for pre-release resident for another six months. I therefore find that the instant motion should be denied at this time and any recommendation to the BOP regarding Mr. Ransom's placement will be deferred.

Although Mr. Ransom's motion is denied at this time, I do so without prejudice to Mr. Ransom re-filing this motion in four to six months, with up-to-date information concerning his prison conduct and rehabilitative efforts. With this additional time, Mr. Ransom will have the opportunity to bolster his prison record and show a resistance to prison misconduct.[15]

---

[13] *Amirnazmi v. Scism*, 2011 WL 1743846, at *5 (M.D. Pa. May 5, 2011) (quoting U.S. Dep't of Justice, Fed. Bureau of Prisons, Memorandum for Chief Executive Officers (November 14, 2008)).

[14] *See* ECF No. 31-3.

[15] Indeed, while I acknowledge and commend the efforts Mr. Ransom has made at participating in rehabilitative programs (see ECF No. 31-1), I nevertheless note that he has incurred three prison misconducts including a most recent offense on September 9, 2017. *See* ECF No. 31-2. The additional time provided will have the further effect of allowing Mr. Ransom to demonstrate that this most recent incident was errant conduct contrary to the progress he has made toward rehabilitation.

## III. CONCLUSION

Based on the above, Defendant Dartanine Ransom's Motion for Recommendation for Residential Re-entry Center is denied at this time. Mr. Ransom may, if he so chooses, refile this motion within six months.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge